No. 29,233.

BENJAMIN E. HUGHES, *Appellee*, v. WALTER E. CRESSLER, *Appellant*.

(287 Pac. 271.)

Opinion filed May 3, 1930.

W. L. Sayers, of Hill City, for the appellant.

W. T. Roche, of Clay Center, and C. L. Thompson, of Hoxie, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to recover damages for the failure of the defendant to carry out a contract made between them for the exchange of real property. The defendant filed a motion asking the court to determine issues of law in advance of the trial and asking for judgment in his favor on the pleadings. The court overruled the motion of the defendant for judgment on the pleadings and determined that under the allegations of the petition and amended reply the plaintiff was entitled to submit evidence to prove the damages alleged in his petition. The defendant appeals.

The petition alleged that the plaintiff was the owner of two adjoining quarter sections of land in Graham county encumbered by a mortgage of $10,000, and that the defendant was the owner of a half section of land in Sheridan county, free of encumbrance, which they in writing agreed to exchange on certain terms not here necessary to mention, except that defendant assumed and agreed to pay the $10,000 mortgage on the land owned by the plaintiff and that plaintiff was to give to the defendant a mortgage for $4,000 on the land in Sheridan county. The defendant refused to carry the contract into execution, and the plaintiff sued for the damages sustained by him.

One of the defenses presented by the amended answer was that the defendant, who was a married man, with his family occupied as his homestead 160 acres of the land he had agreed to convey, and that his wife had not joined in the contract for the exchange of properties. The amended answer described the land occupied as his homestead. The amended reply admitted that the defendant occupied 160 acres of the land in controversy as his homestead.

Section 60-3503 of the Revised Statutes reads:

"That no action for the specific performance of a contract for the sale or exchange of real estate in the state of Kansas or for damages by reason of the violation of any contract to sell or exchange lands within the state of Kansas, occupied as a homestead by the owner and his family, shall be maintained unless the contract of sale is signed by both the husband and wife, or by an agent or broker duly authorized in writing by both the husband and wife to make such sale or exchange."

The plaintiff concedes that the contract so far as the homestead is concerned is unenforceable, but argues that the contract is divisible and that he can recover damages for the failure of the defendant to carry out the contract as to the 160 acres of land not occupied by the defendant as his homestead. The defendant claims that the contract is not divisible, and that because the contract is not divisible this action cannot be sustained as an action for damages.

In *Herman v. Sawyer*, 112 Kan. 6, 209 Pac. 663, we quote the first paragraph of the syllabus as follows:

"The action was one by a vendee to compel specific performance of a contract to convey three quarter sections of land. The contract was not signed by the vendor's wife, and one quarter section was a homestead. *Held,* a decree should be entered for conveyance of the other two quarter sections, with proper abatements of price." (Syl. ¶ 1.)

From the briefs in that action and from the opinion of this court we learn that the contract there was for the exchange of three quarter sections of land in Lane county for hotel property in Kansas City, Mo. The contract in *Herman v. Sawyer* was of the same character and subject to the defense that part of the land was a homestead the same as the contract in the present action. If part specific performance could be compelled in *Herman v. Sawyer,* damages for failure to perform that part of the contract not involving the homestead can be recovered in the present action. The difficulty attending the ascertainment of those damages is for the court on the trial of the action. That difficulty is not now before this court. *Herman v. Sawyer,* supra, compels an affirmance of the order of the trial court.

It is so ordered.

HARVEY, J., dissenting.

BURCH, J. (concurring): One question in the case of *Herman v. Sawyer,* 112 Kan. 6, 209 Pac. 662, was whether the specific performance statute prevented specific performance of a contract to convey which included both homestead and other land. The language of the statute was not susceptible of such an interpretation. The statute relates to sale or exchange of land "occupied as a homestead by the owner and family" and no other land. The subject of the statute was not contracts embracing homestead and nonhomestead land, and there was nothing in our legal history to show that subject deserved legislative consideration. The burden of the statute was evidence, and it provided that, to be enforceable, the contract must be in writing, signed by husband and wife, or by some one authorized in writing by both husband and wife to sign.

There was good ground in our legal history for safeguarding homestead interest by legislation on the matter of evidence of joint consent. In the opinion in the case of *Durand v. Higgins,* 67 Kan. 110, 72 Pac. 567, appears the following:

"This court has held, in *Pilcher v. A. T. & S. F. Rld. Co.,* 38 Kan. 516, 16 Pac. 945, 5 Am. St. Rep. 770; *Dudley v. Shaw,* 44 id. 683, 24 Pac. 1114, and *Matney v. Linn,* 59 id. 613, 54 Pac. 668, that the joint consent required need not necessarily be expressed in writing, to satisfy the constitutional requirement." (p. 125.)

This opinion was filed in May, 1903. The statute was enacted at

the next session of the legislature (Laws 1905, ch. 154) and was clearly a statute in the nature of a statute of frauds. After enactment of the statute the homestead interest of a spouse who did not sign could no longer be jeopardized by parol proof of consent.

In *Herman v. Sawyer* full effect was given to the statute:

"Since one quarter section of the land was a homestead, and the contract was not signed by the defendant's wife, the district court properly excluded that tract from further consideration. . . .

"Exclusion of the homestead from consideration did not prevent specific performance of the contract to convey the remainder of the land. The contract was not 'illegal' with respect to the remainder of the land, and the doctrine of entire consideration does not prevent equity from enforcing contracts as far as possible, to the end men may not treat them as scraps of paper, and to the end justice may be done." (*Herman v. Sawyer,* 112 Kan. 6, 7, 209 Pac. 663.)

If in this instance the contract had not included the homestead plaintiff would have been entitled to such damages as he could prove under the rules relating to such proof; and if plaintiff can prove the value to him of performance of the contract, excluding the homestead from consideration, and consequent loss from nonperformance, he is entitled to recover.